

John A. Lee
Banie & Ishimoto LLP
3705 Haven Ave. #137
Menlo Park, CA 94025
Phone: 650-241-2774
Email: jlee@banishlaw.com

**VIA U.S. MAIL**

July 26, 2019

Mr. Tom Davies
V. Sattui Winery
1111 White Lane
St. Helena, CA 94574

    Re:    Infringement of Landmark Technology A, LLC's Patent Rights

Dear Mr. Davies:

    We are intellectual property counsel for Landmark Technology A, LLC ("Landmark"). Landmark has exclusive rights to patents covering certain special-purpose computer, communication and network technologies relating to Internet searching, e-commerce, electronic bill pay, business-to-business transactions, multimedia data processing networks and mobile technologies. Landmark's widely regarded patented technology covers, among other things, special-purpose hardware and software systems supporting key transaction processes and features used in many electronic commerce systems, including structures which exchange business data amongst trading partners.

    Landmark has licensed its patents to over 200 companies across various industries. Landmark's patents rank extremely high in patent citing activity and have been cited nearly 200 times by the USPTO whereas the average patent has only five citations during its lifetime. Highly cited patents are generally known to be of greater technical importance, and even fewer rise to the level of "pioneer patents" achieved by the Landmark patents.

    Landmark believes that V. Sattui Winery ("V. Sattui Winery") automated multimedia data processing network systems, particularly https://shop.vsattui.com/index.cfm?method=members.showlogin through practices U.S. Patent No. 7,010,508 C1 ("'508 Patent"). You will find that the '508 Patent teaches and claims automated multimedia data processing network for processing business and financial transactions between entities from remote sites. This includes data processing systems wherein a computerized installation acts on inquiries and orders from stations [as do V. Sattui Winery's servers], communicates with stations which use program instructions and act as the user interface [as do those devices

interfaced to V. Sattui Winery's web servers in communication with V. Sattui Winery's servers], sequences are retrieved in a forwardly/backwardly chained response (as defined by the inventor) to data entered into a text input field [as seen in devices interfaced to V. Sattui Winery's web servers], and data is updated in a computerized installation storage [as per the functionality of V. Sattui Winery's web servers]. For example, the specific functionalities implemented by V. Sattui Winery using their servers and devices interfaced to V. Sattui Winery's web servers constitutes use of the technology taught within the meaning of Claim 1 of the '508 patent.

Landmark is currently offering V. Sattui Winery a non-exclusive license to its '508 patent, for $65,000. This offer represents a substantial discount to the historic licensing price of Landmark's portfolio, and will not be available in the event of litigation.

We appreciate your attention to this matter and request a response within 15 days of this letter. Please contact me at the phone or email above, or contact my colleague, Jennifer Ishimoto, at ishimoto@banishlaw.com or (650) 241-2773.

Very truly yours,

John A. Lee
Partner
BANIE & ISHIMOTO LLP